UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA K. GRUESSER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-00079-JMS-MPB ) ) |
| OCWEN LOAN SERVICING, LLC, | ) ) |
| Defendant. | ) |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), by counsel Hinshaw & Culbertson LLP, and in support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Pro 12(b)(6), states as follows:

### **I. INTRODUCTION**

Plaintiff, a residential mortgage borrower, brings this action alleging that the servicer of her mortgage loan (the "Loan"), Ocwen, violated the Fair Debt Collection Practices Act ("FDCPA") by sending correspondence to Plaintiff's lawyer in response to the lawyer's request for information concerning the application of payments received from the bankruptcy trustee during Plaintiff's Chapter 13 bankruptcy. Per the request of Plaintiff's lawyer, the correspondence provided the balance of the loan and a breakdown of the balance. Plaintiff had filed her bankruptcy after a judgment had already been entered in a pending state court foreclosure action. At the time of the request for information from her lawyer, the bankruptcy in which Plaintiff unsuccessfully sought to bring the loan current had concluded and the foreclosure action had resumed. In this action, Plaintiff contends that the correspondence sent to her lawyer in response to his request reflected the contractual interest rate of 8.2% instead of the Indiana post-judgment

301429400v1 1007617

interest rate of 8.0%. Plaintiff fails to state a plausible claim for relief for the simple reason that the subject correspondence was not an attempt to collect a debt. In addition, to the extent (if at all) that Plaintiff's FDCPA claim is based upon Ocwen's application of payments received from the bankruptcy trustee, such claim would be barred by the doctrine of *res judicata*. For these reasons, as more fully demonstrated below, Plaintiff's Compliant should be dismissed with prejudice for failure to state a facially plausible claim.

## II. FACTUAL BACKGROUND

**The Foreclosure Action**

On November 5, 2009, U.S. Bank as trustee filed a mortgage foreclosure action against Plaintiff in the Marion County Superior Court, captioned as: *U.S. Bank v. Patricia K. Gruesser et al.*, under Cause No. 49D10-0911-MF-051063. (Exhibit 1: FC Dkt.).[1] On January 28, 2010, the state court entered a judgment and decree of foreclosure against Plaintiff in the amount of $ $279,881.36 plus costs and interest. *Id*.

**The First Bankruptcy**

On March 19, 2010, Plaintiff filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court, Southern District of Indiana, under Case No. 10-03692-JMC-13. (the "First Bankruptcy")(Exhibit 2: BK Dkt). In her petition, Plaintiff identified the Loan – not the foreclosure judgment - as a valid secured debt. (Exhibit 3: Ch. 13 Schedule D).

On March 31, 2010, U.S. Bank filed a proof of claim for repayment of the Loan in the amount of $292,534.03, at the interest rate of 9.125%, together with pre-petition arrears in the amount of $45,369.84. (Exhibit 4: Proof of Claim). At no time did Plaintiff object to the proof

---

[1] In ruling on a motion to dismiss, the court may consider public documents, such as the materials from Plaintiff's prior litigation. *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

301429400v1 1007617

claim. (Ex. 2, BK Dkt). Rather, Plaintiff's Amended Chapter 13 Plan provided for payment of the pre-petition arrears owed to U.S. Bank and payment of all post-petition Loan payments. (Exhibit 5: Amended Chapter 13 Plan). On July 6, 2010, Plaintiff's Amended Chapter 13 plan was confirmed. (Exhibit 6: Order Confirming Plaintiff's Amended Chapter 13 Plan).

During the course of her Chapter 13 plan, Plaintiff fails to maintain her plan payments. On August 11, 2014, Ocwen filed a Notice of Payment Change reporting that the adjustable interest rate for the Loan had decreased to 8.2%. (Exhibit 7: Notice of Payment Change). At no time did Plaintiff object to the Notice of Payment Change or to the interest rate associated with the Loan. (Exhibit 2, BK Dkt.). On September 9, 2015, Plaintiff received a Chapter 13 discharge. (Exhibit 2, BK Dkt.).

**The Second Bankruptcy**

On December 20, 2016, Plaintiff filed a second petition for Chapter 13 bankruptcy in the U.S. Bankruptcy Court, Southern District of Indiana, under Case No. 16-09540-JMC-13 (the "Second Bankruptcy"). (Exhibit 8: 2nd BK Dkt.). Again, Plaintiff filed a Chapter 13 plan providing that she intended to cure all pre-petition arrears associated with the Loan and to continue making the current Loan payments. (Exhibit 9: 2nd Chapter 13 Plan). However, on January 11, 2017, the petition was dismissed on Plaintiff's own motion. (Exhibit 9: 2nd BK Dkt).

**The Subject Correspondence Sent at Plaintiff's Attorney's Request**

While the Second Bankruptcy was pending, Plaintiff, by and the the attorney representing her in the foreclosure action, Fred Pfenninger, of Pfenninger & Associates, P.C., questioned whether the payments made during the First Bankruptcy had been property credited to the foreclosure judgment, despite that, at that time, Plaintiff was attempting to use the bankruptcy to

3

bring the Loan current. Attorney Pfenninger requested Ocwen to send him information showing the application of these payments and the resulting loan balance. (Compliant: Exhibit A).

On January 11, 2017, Ocwen sent Attorney Pfenninger the correspondence attached to the Complaint as Exhibit A (the "Correspondence"). Plaintiff's FDCPA claims are based upon the Correspondence. The Correspondence reflected the contractual amount due in the event Plaintiff wanted to pay-off or reinstate the Loan, and therefore the Correspondence is titled "Payoff Quote". The Correspondence did not reflect the amount due on the judgment, and therefore did not reflect Indiana's post-judgment interest rate.

Importantly, the Correspondence did not demand payment or include payment coupons. Further, every page of the Correspondence conspicuously stated, in bold and italicized font:

> ***This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the property. It is not intended as an attempt to collect a debt from you personally.***

*Id*.

### III. LEGAL DISCUSSION

**A.    Standard of Review**

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)). A complaint "must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v.*

4

*Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602-03 (7th Cir. 2009). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The question of whether a written communication is false, when it rests on the text of the written communication itself, can be decided on a motion to dismiss. *Evory v RJM Acquisitions Funding, L.L.C.*, 505 F3d. 769, 776 (7th Cir. 2007). "A plaintiff might rest on the text of the communication, and have no other evidence to offer, and then if there was nothing deceptive-seeming about the communication the court would have to dismiss the case." *Id*.

**B.  Standard Applicable to Attorney Correspondence**

When an alleged communication is sent to a consumer's lawyer instead of to the consumer, a different standard applies. *Evory v RJM Acquisitions Funding, L.L.C.*, 505 F3d. 769 (7th Cir. 2007). In *Evory*, the Seventh Circuit explained that, "a lawyer is less likely to be deceived, intimidated, harassed, and so forth…." This does not completely immunize practices forbidden by the statute, but it does mean "that the standard for determining whether particular conduct violates the statute is different when the conduct is aimed at a lawyer than when it is aimed at a consumer." The "unsophisticated consumer" standard "is inappropriate for judging communications with lawyers…." *Id*., citing *Dikeman v. National Educators, Inc.*, 81 F.3d 949 (10th Cir. 1996). "Most lawyers who represent consumers in debt collection cases are familiar with debt collection law and therefore unlikely to be deceived." The Seventh Circuit concluded:

> Since, therefore, most lawyers who represent consumers in debt-collection cases are knowledgeable about the law and practices of debt collection, since those who are not should be able to inform themselves sufficiently to be able to represent their consumer clients competently, and since the debt collector cannot be expected to know how knowledgeable a particular consumer's lawyer is, we conclude that a representation by a debt collector that

5

301429400v1 1007617

> would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable.

*Id*. at 774.

## C. The Correspondence Was Not An Attempt to Collect A Debt.

The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of a debt, including the use of unfair or unconscionable means to collect, or to attempt to, collect any debt. 15 U.S.C. §§ 1692e, 1692f. The threshold question that a court must address in every FDCPA action is whether or not the communication complained of triggered the FDCPA. In order to do so, two criteria must be met: (1) defendant must qualify as a debt collector, and (2) the letter must have been sent in connection with the collection of a debt. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). In the instant action, Plaintiff's claim fails because the Correspondence was not issued in connection with an attempt to collect a debt. Rather, it was issued in response to a specific request by Plaintiff's lawyer so that he could assess the application of payments and, most importantly, it clearly stated that it was for informational purposes only, given that Plaintiff both had an active bankruptcy pending and had received a discharge. (Exhibit 2, BK Dkt.).

Courts in this District have addressed the specific question presented. For example, in *Bailey v. Security National Servicing Corp.*, a loan servicer sent a letter to a delinquent debtor listing the next four payments due on the debtor's forebearance agreement with the original creditor and expressed a willingness to "work with" the debtor to resolve the underlying delinquency. 154 F.3d 384, 386 (7th Cir. 1998). Although the plaintiff argued that this letter qualified as a communication in connection with the collection of the debt, the 7th Circuit observed that it did not demand payment and did not otherwise attempt to collect the debt even though it warned the debtor that any delinquent payments on the forebearance agreement could

trigger an obligation to immediately repay the entire loan. *Id.* The court concluded that this letter was not a communication in connection with the collection of any debt but rather merely a description of the current status of the debtor's account. *Id.* at 388-89. Likewise, in *Shelley v. Ocwen Loan Servicing, LLC*, 2013 U.S. Dist. LEXIS 122439, 2013 WL 4584649 (SD Ind. 2013), the district court dismissed an FDCPA claim where the communication provided information regarding a loan account and did not include a demand for payment. The court held that the communication did not trigger the FDCPA.

Similarly, a Chicago district court, presented with bankruptcy disclaimer language analogous to the language in the Correspondence, dismissed an FDCPA claim, holding that the only reasonable interpretation, even to an unsophisticated consumer, is that it was intended for informational purposes only and was not an attempt to collect a debt where the plaintiff had been in default for many years and had received a bankruptcy discharge. *Cardona v. FCI Lender Servc.*, 2017 U.S. Dist. LEXIS 131908, *7-8, 2017 WL 3531492 (N.D. IL 2017); see also *Preuher v. Seterus, LLC*, 2014 U.S. Dist. LEXIS 171139, 2014 WL 7005095 (N.D. Ill. 2014) (correspondence was not an attempt to collect a debt where it stated, "IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL OR FOR INFORMATIONAL PURPOSES ONLY"); see also *Helman v. Udren Law Offices, P.C.*, 85 F.Supp.3d 1319, 1327 (S.D. Fla. 2014) (monthly account statements sent to a borrower who had received a bankruptcy discharge were not an attempt to collect a debt where the statement provided, "This statement is sent for information purposes only ***and is not intended as an attempt to collect, assess, or recover a discharged debt from you…If this account is active or***

***has been discharged in a bankruptcy proceeding,*** be advised this communication is for informational purposes only and ***is not an attempt to collect upon a debt***").

In this case, the Correspondence was directed to an attorney, and therefore, under the attorney standard, is even more clearly not an attempt to collect a debt. Plaintiff's attorney knew the context in which the Correspondence was sent – it was information in response to his specific request – and he surely was capable of understanding the bankruptcy disclaimer language stating as much. Based on the indisputable content of the Correspondence and governing law, Plaintiff's Complaint should be dismissed for failure to state a plausible claim, because the Correspondence did not trigger the FDCPA.

**D.     Plaintiff's FDCPA Claim is Barred by the Doctrine of *Res Judicata***

To the extent that Plaintiff's FDCPA claim is based upon Ocwen's application of payments received from the bankruptcy trustee, such claim is barred by *res judicata*. *Res judicata* applies not only to matters decided in a prior case but also to all other matters which could have been decided in the prior case but were not raised. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). The elements of res judicata are: "(1) an identity of parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). Confirmation of a bankruptcy plan constitutes a final judgment on the merits as to the terms of the plan and thereby satisfies the third element of *res judicata*. *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993). A party's failure to raise an objection at the chapter 13 plan confirmation hearing or to appeal from the order of plan confirmation precludes an attack on the plan or any provision therein as illegal in a subsequent proceeding. *In re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993). This includes barring claims for violation of the FDCPA related to the terms of a confirmed plan after

8

301429400v1 1007617

confirmation. See *Adair v. Sherman*, 1999 U.S. Dist. LEXIS 2534, 1999 WL 117754, *3 (N.D. Ill. 1999) (FDCPA claim barred by *res judicata* where party failed to object to a proof of claim filed in a bankruptcy proceeding prior to the dismissal of the bankruptcy proceeding).

In the instant action, Plaintiff voluntarily made payments toward the Loan through a confirmed Chapter 13 plan after entry of the foreclosure judgment. Plaintiff now claims that Ocwen violated the FDCPA by applying the contractual rate of interest instead of the Indiana post-judgment rate, but Plaintiff's Plan scheduled the contractual debt (not the judgment) and provided for cure of the default. Moreover, Plaintiff did not object to the Proof of Claim or the Notice of Payment Change, both of which reflected the contractual interest rate. Plaintiff could have sought to amend her Chapter 13 plan post-confirmation, but she did not do so. Accordingly, *res judicata* bars Plaintiff from collaterally attacking the Plan or the application of payments pursuant to the Plan. Accordingly, to the extent that the Complaint also includes a claim based on the interest rate used to perform the loan accounting during the term of the Plan, such claim fails to state a plausible claim for relief based on claim preclusion.

## I. CONCLUSION

WHEREFORE, Defendant, Ocwen Loan Servicing, LLC, respectfully request that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and grants such other relief as the Court deems just and proper under the premises.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ Jennifer L. Fisher
Jennifer L. Fisher 31967-64
Attorneys for Defendant OCWEN LOAN SERVICING, LLC
322 Indianapolis Blvd., Suite 201
Schererville, IN 46375
Phone No.: 219-864-5051
Fax No. 219-864-5052
E-mail Address: jfisher@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I certify that on the 13th day of April, 2018, a copy of the foregoing pleading or paper was filed electronically. Notice of this filing will be sent to all Counsel of record via the Court's Electronic Filing System.

      By: /s/ Jennifer L. Fisher